UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICTOR  DORSEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-01435-JMS-DML |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| HEALTH AND HOSPITAL CORPORATION | ) | |
| OF MARION COUNTY, | ) | |
| MARION COUNTY PUBLIC HEALTH | ) | |
| DEPARTMENT, | ) | |
| KRISTEN  FREDERICK, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* Plaintiff Victor Dorsey, Jr. filed this action in June 2016 against Defendants City of Indianapolis, Health and Hospital Corporation of Marion County, Marion County Public Health Department, and Kristen Frederick (collectively, "Defendants"). [Filing No. 1.] Mr. Dorsey asserts that in June 2014 and July 2014, his property on Bellefontaine Street in Indianapolis was damaged after Defendants allegedly entered it without cause to do so. [Filing No. 1 at 3-4.] Mr. Dorsey asks the Court to award him money, stop his property from being sold at a tax sale, and reduce the amount of taxes he allegedly owes. [Filing No. 1 at 5-6.] In response, Defendants have asked that Mr. Dorsey's claims be dismissed for various reasons. [Filing No. 19; Filing No. 21.] The Court has reviewed the Defendants' filings, [Filing No. 19; Filing No. 20; Filing No. 21; Filing No. 22], as well as various filings Mr. Dorsey has filed in response, [Filing No. 23; Filing No. 24; Filing No. 26].

### A. *Rooker-Feldman* **doctrine**

The Defendants argue, among other things, that Mr. Dorsey's action must be dismissed because his claims are barred by the *Rooker-Feldman* doctrine.[1]  [Filing No. 20 at 2; Filing No. 22 at 4-5.]   The Court must consider the applicability of the *Rooker-Feldman* doctrine before considering any other affirmative defenses.  *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the *Rooker-Feldman* doctrine applies, the Court must dismiss the suit for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Frederiksen v. City of Lockport*, 384 F.3d 437, 438-39 (7th Cir. 2004).

The *Rooker-Feldman* doctrine prohibits federal jurisdiction over claims seeking review of state court judgments "no matter how erroneous or unconstitutional the state court judgment may be." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citation omitted). Application of the doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *see also Kelley*, 548 F.3d at 603.  In short, the doctrine prevents a party from effectively trying to appeal a state court decision to a federal district court.  *Hukic v. Aurora Loan Services*, 588 F.3d 420, 431 (7th Cir. 2009).

*Rooker-Feldman* "is a narrow doctrine." *Lance v. Dennis*, 546 U.S. 459, 464 (2006).  It "applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 733 (7th Cir. 2014).  The

---

[1] The *Rooker-Feldman* doctrine gets its name from two decisions of the United States Supreme Court—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

doctrine "asks what injury the plaintiff asks the federal court to redress, not whether the injury is 'intertwined' with something else." *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015).[2]

The determination of whether the *Rooker-Feldman* doctrine applies "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Sykes*, 2016 WL 4784034 at *4. Simply put, "there must be no way for the injury complained of by a plaintiff to be separated from a state court judgment." *Id.* Given that *Rooker* itself arose from a constitutional challenge to the state court's use of procedures, the *Rooker-Feldman* doctrine "applies to procedural state court rulings as well as substantive ones." *Id.* (citing *Harold v. Steel*, 773 F.3d 884, 887 (7th Cir. 2014)).

Defendants attached two state court orders that they allege Mr. Dorsey challenges through this federal lawsuit. On April 8, 2014, the Marion Superior Court ordered as follows:

---

[2] In 2014, the Seventh Circuit disavowed the "inextricably intertwined" language often used in connection with the *Rooker-Feldman* doctrine. *Richardson*, 768 F.3d at 733-34 ("We are skeptical about the wisdom of asking whether something is 'intertwined' ('inextricably' or extricably) with a state court's judgment.... Courts should stick with the doctrine as stated in [*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005)]."). Most recently, however, the Seventh Circuit included the "inextricably intertwined" language as part of its *Rooker-Feldman* analysis in another case. *See Sykes v. Cook Cty. Cir. Ct.*, --- F.3d ----, 2016 WL 4784034 at *4 (7th Cir. 2016) (stating "[b]ut even federal claims which were not raised in state court, or that do not on their face require review of a state court's decision, may still be subject to *Rooker-Feldman* if those claims are inextricably intertwined with a state court judgment"). Whether the term "inextricably intertwined" is included in the analysis or not seems to be a distinction without a difference. *Sykes* explained "inextricably intertwined" to mean "whether the federal claim alleges that the injury was caused by the state court judgment." *Sykes*, 2016 WL 4784034 at *4. *Richardson*, in disavowing the "inextricably intertwined" language, stated that "[t]he *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Richardson*, 768 F.3d at 733. Thus, the standards set forth in *Richardson* and *Sykes* are functionally the same.

> Pursuant to the hearing on April 8, 2014, the Court orders Health and Hospital Corporation's Environmental Control crew and/or any contractors to clean the exterior, including the fenced in portion, and the removal of any junk vehicles as defined by The Code, from the property located at 1618 Bellefontaine, Marion County, Indiana, and place a lien on the property for costs incurred. Clean and lien is to take place using any and all force reasonable and necessary to do so, including the assistance of law enforcement officers.

[Filing No. 20-1 at 1.]

On June 25, 2014, the Marion Superior Court ordered that the property at 1618 Bellefontaine Street "should be vacated and should remain vacant until such a time as it is fit for human habitation and verified as such by an Environmental Health Specialist." [Filing No. 20-1 at 2.] To do so, the Marion Superior Court ordered as follows:

> THEREFORE, IT IS ORDERED that the property located at 1618 Bellefontaine Street, Marion County, Indiana, shall be vacated by 5:00pm on July 3, 2014. This Order to Vacate shall be executed using any and all force reasonable and necessary to do so, including the assistance of law enforcement and Animal Care and Control officers. This Order shall remain in effect until an Environmental Health Specialist with Health and Hospital Corporation verifies that the property is fit for human habitation.

[Filing No. 20-1 at 2.]

A portion of Mr. Dorsey's federal lawsuit is based on alleged damage his property sustained during the execution of these Marion Superior Court orders. [Filing No. 1 at 3-4.] Mr. Dorsey alleges that on June 4, 2014, and on July 14, 2014, Defendant Kristen Frederick led "a team of city workers" onto his property by cutting the lock off a gate to gain entry to his yard. [Filing No. 1 at 3.] He further alleges that they "proceeded on [his] property with e[x]cavating equipment and destroyed the landscaping on [his] property on a raining day," broke his front door,

4

broke a front window, and knocked his house off its foundation.  [Filing No. 1 at 3-4.]  Mr. Dorsey asks the Court to award him money for these damages to his property and his resulting emotional distress.  [Filing No. 1 at 5.]

Mr. Dorsey's claim regarding the alleged property damage sustained from the execution of the Marion Superior Court orders toes the line of *Rooker-Feldman*.  To the extent that his claim is based on Defendants entering his property pursuant to the above-cited state court orders and using "reasonable and necessary force" as allowed to carry out those orders, his claims are barred by *Rooker-Feldman*.  Put another way, because of the *Rooker-Feldman* doctrine, this federal court cannot review or overrule the state court's orders allowing Health and Hospital Corporation and its contractors to enter Mr. Dorsey's property and use reasonable and necessary force to carry out those orders.  *See Sykes*, 2016 WL 4784034, at *4 (citing well-established caselaw that state-court losers cannot invite the federal district court to review and reject prior state court orders).

To the extent Mr. Dorsey alleges that state actors came onto his property and used more than reasonable and necessary force to carry out the state court orders, however, such allegations may allege "some independent claim" over which this court has federal jurisdiction.  *See Exxon*, 544 U.S. at 293 ("If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.").  But Mr. Dorsey's Complaint as currently pled does not allege such a claim and, thus, does not invoke federal jurisdiction.  [Filing No. 22 at 3 (Defendants' argument pointing out that Mr. Dorsey's Complaint does not assert any claims arising under federal law or the United States Constitution); *see also* Filing No. 1 at 5 (Mr. Dorsey's Complaint not selecting a basis for

this Court's jurisdiction).]  Accordingly, the Court grants Defendants' Motion to Dismiss with regard to the property damage claim as currently pled by Mr. Dorsey.  [Filing No. 21.]

The Court will dismiss Mr. Dorsey's property damage claim without prejudice at this time because he has only had one chance to plead it.  If Mr. Dorsey intends to file an Amended Complaint and plead a federal claim regarding the property damages he alleges he sustained, he must be mindful of the Court's *Rooker-Feldman* discussion and the following legal principles that pertain to 42 U.S.C. § 1983 claims.  To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred.  *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Moreover, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Only those state actors who actually caused any excessive damage could potentially be named as defendants.

### B.  Tax Related Claims

Mr. Dorsey also complains that he has been paying excessive taxes since 2006, alleging that he "never was heard on appeal until last September just before [his] house was due to go up on tax sale."  [Filing No. 1 at 4.]  Thus, he asks this Court to stop his property from being sold at a tax sale and to reduce the amount of taxes he allegedly owes on the property.  [Filing No. 1 at 5-

6.] If there is an outstanding state court order for Mr. Dorsey's property to be sold at an upcoming tax sale, the Court agrees with Defendants that it also may not enjoin that order because of the *Rooker-Feldman* doctrine.   [Filing No. 22 at 5-6]; *see also* Indiana Code § 6-1.1-24-4.7(f) (providing that the Indiana state court that enters judgment and order of sale "shall retain exclusive continuing supervisory jurisdiction over all matters and claims relating to the tax sale").

As for Mr. Dorsey's allegation that he has been paying excessive taxes on his property since 2006, this Court also cannot grant him any relief for that claim because of the Tax Injunction Act, which "forbids federal district courts to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law,' provided that an adequate remedy is available in the state courts." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722, 725 (7th Cir. 2011) (citing 28 U.S.C. § 1341).  Indiana provides an adequate remedy for Mr. Dorsey to challenge the allegedly excessive assessment of which he complains.  [Filing No. 22-1 ("Property Tax Appeals Process"); Filing No. 22-2 ("Procedure for Appeal of Assessment")]; *see also Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002) (affirming district court's dismissal of Indiana landowners' property tax assessments after "find[ing] that the Tax Injunction Act does indeed bar the landowners from pursuing a claim in federal court").  Thus, the Tax Injunction Act divests this Court of subject matter jurisdiction over Mr. Dorsey's tax-related claim. *See Scott Air Force Base Properties, LLC v. Cty. of St. Clair*, 548 F.3d 516, 523 (7th Cir. 2008).

### C.  Conclusion

For these reasons, the Court **GRANTS** Defendants' motions that ask the Court to dismiss Mr. Dorsey's claims.  [Filing No. 19; Filing No. 21.]  Because the Court cannot provide Mr. Dorsey the relief he seeks at this time, it **DENIES** his Motion for Preliminary Injunction, [Filing No. 24], for the reasons it previously stated when denying a similar motion he filed, [*see* Filing No. 7

7

(denying Mr. Dorsey's previous injunction request)].  Mr. Dorsey's claims related to allegedly excessive taxes and the possible tax sale of his property are **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** pursuant to the Tax Injunction Act.  No final judgment shall issue at this time.

Mr. Dorsey's property damages claims related to Defendants' entry onto his property do not as currently pled state a federal claim upon which this Court can exercise federal jurisdiction. Thus, Defendants' Motion to Dismiss is **GRANTED**, [Filing No. 19; Filing No. 21], and that claim is **DISMISSED WITHOUT PREJUDICE**.  Mr. Dorsey has until **October 26, 2016** to file an Amended Complaint, should he choose to do so, setting forth a federal claim consistent with the legal principles cited by the Court herein.

Date: 10/7/2016

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

VICTOR DORSEY, JR.
P.O. Box 1212
Indianapolis, IN 46206

**Electronic Distribution to Counsel via CM/ECF:**

Gregory J. Ullrich
HEALTH AND HOSPITAL CORP. OF MARION CO.
gullrich@hhcorp.org

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov