```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        INDIANAPOLIS DIVISION
```

| | |
|---|---|
| VICTOR DORSEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-01435-JMS-DML |
| | ) |
| CITY OF INDIANAPOLIS, | ) |
| HEALTH AND HOSPITAL CORPORATION | ) |
| OF MARION COUNTY, | ) |
| MARION COUNTY PUBLIC HEALTH | ) |
| DEPARTMENT, | ) |
| KRISTEN FREDERICK, | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT, | ) |
| MARK NOTTINGHAM Real Estate | ) |
| Investor/Speculator for Nottingham Realty Co., | ) |
| | ) |
| Defendants. | ) |

# ORDER

*Pro se* Plaintiff Victor Dorsey, Jr., filed a Complaint in federal court in June 2016, alleging claims related to his property on Bellefontaine Street in Indianapolis. [Filing No. 1 at 3-4.] The Court has allowed Mr. Dorsey to proceed *in forma pauperis*, [Filing No. 5], and he has been given multiple chances to plead his claims in response to various Defendants' dispositive motions regarding the sufficiency of his pleadings, [*see, e.g.*, Filing No. 27; Filing No. 46]. Most recently, on March 27, 2017, the Court issued an Order in response to various motions concluding that "pursuant to the interests of justice, Mr. Dorsey shall have *one final chance* to set forth sufficient allegations showing that there is a basis for this Court's jurisdiction and that he has a claim entitling him to relief." [Filing No. 46 at 4 (original emphasis).] The Court noted that Defendants did not need to immediately answer or otherwise respond to Mr. Dorsey's anticipated complaint because the Court would first exercise its discretion to screen it pursuant to 28 U.S.C. § 1915. [Filing No.

46 at 4.] Mr. Dorsey filed his Fourth Amended Complaint on April 11, 2017, [Filing No. 47], and the Court will now screen it as indicated.

28 U.S.C. § 1915(e)(2)(B) directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To state a viable claim, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). *Pro se* complaints such as that filed by Mr. Dorsey, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Dorsey alleges that Defendants violated 42 U.S.C. § 1983, as well as his rights to due process under the Fourth, Fifth, and Fifteenth Amendments of the United States Constitution. [Filing No. 47 at 3.] Specifically, his Fourth Amended Complaint and the attached documents allege that Defendants unreasonably and excessively damaged his property after a state court judge issued orders regarding property taxes, fees, and fines certified from Health and Hospital Corporation and Marion County Public Health Department. [Filing No. 47; Filing No. 47-1.] Many of Mr. Dorsey's allegations focus on the conduct of Kristin Frederick, who he alleges is a code enforcement employee with the Marion County Public Health Department. [Filing No. 47; Filing No. 47-1.]

The Court has already made the following rulings and observations while addressing previous motions filed in this action:

- Many of Mr. Dorsey's claims are barred by the *Rooker-Feldman* doctrine to the extent they are based on Defendants entering his property pursuant to two state court orders and using reasonable and necessary force to carry out those orders. "Put another way, because of the *Rooker-Feldman* doctrine, this federal court cannot review or overrule the state court's orders allowing Health and Hospital Corporation and its contractors to enter Mr. Dorsey's property and use reasonable and necessary force to carry out those orders." [*See* Filing No. 27 at 2-6.] The Court has already dismissed those claims. [Filing No. 27.]
- Mr. Dorsey cannot pursue any tax-related claims in this litigation because they are barred by either the *Rooker-Feldman* doctrine or the Tax Injunction Act. [Filing No. 27 at 6-7 (citing 28 U.S.C. § 1341).] [Filing No. 27 at 6-7.]

The Court has dismissed those claims.

After reviewing Mr. Dorsey's Fourth Amended Complaint, the Court concludes that it states a claim for relief pursuant to 42 U.S.C. § 1983 against Kristin Frederick for her direct involvement in the alleged excessive damage to Mr. Dorsey's property in executing the state court orders. A claim of this nature is not barred by the *Rooker-Feldman* doctrine because it is independent of the state court orders themselves and does not ask this Court to overrule them. *See, e.g.*, *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011) (holding that the district court correctly concluded that *Rooker-Feldman* applied to claims that a "foreclosure and eviction deprived [plaintiffs] of their fundamental fairness and equal protection rights" but did not apply to claims about "injury caused by the defendants' actions in enforcing the judgment"). While it is possible that Mr. Dorsey's claim against Ms. Frederick will not ultimately succeed, he has alleged sufficient personal involvement on her part to state a claim against her pursuant to 42

3

U.S.C. § 1983. *See Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (emphasizing that "[i]ndividual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue" and distinguishing between personal involvement and a supervisory role). Accordingly, Mr. Dorsey's § 1983 claim against Ms. Frederick will **proceed**.

Mr. Dorsey's claims against the City of Indianapolis, Health and Hospital Corporation of Marion County, Marion County Public Health Department, and the Indianapolis Metropolitan Police Department must be dismissed because he does make sufficient allegations against those entities to pursue a claim against them pursuant to 42 U.S.C. § 1983. *See Glisson v. Ind. Dep't of Corrections*, 849 F.3d 372, 379 (7th Cir. 2017) (emphasizing that the critical question for a § 1983 claim against an entity is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)") (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978)). Mr. Dorsey does not contend that the allegedly excessive property damage of which he complains was the result of a policy or custom of these Defendants to unreasonably execute orders of this nature. Accordingly, Mr. Dorsey's federal claims against the City of Indianapolis, Health and Hospital Corporation of Marion County, Marion County Public Health Department, and the Indianapolis Metropolitan Police Department are **dismissed**.

Mr. Dorsey's federal claims against Mark Nottingham must also be dismissed. Mr. Dorsey lists Mr. Nottingham in the caption of his Fourth Amended Complaint but does not list him in the Statement of his Claim. [Filing No. 47 at 2.] More importantly, the attachments to his Fourth Amended Complaint confirm that Mr. Nottingham is a private realtor—as opposed to a state actor—employed by Nottingham Realty. [Filing No. 47-1.] To succeed on a § 1983 claim, a plaintiff must prove that he was deprived of a right secured by the Constitution or federal law, and that the defendant was "acting under color of state law." *Armato v. Grounds*, 766 F.3d 713, 719-

4

20 (7th Cir. 2014). Mr. Dorsey has not alleged that Mr. Nottingham was acting under color of state law and, in fact, his allegations confirm that he was not. For that reason, Mr. Dorsey's federal claims against Mr. Nottingham are **dismissed**.

In sum, Mr. Dorsey's 42 U.S.C. § 1983 claim against Ms. Frederick for her personal involvement with the allegedly excessive damage to his property shall **proceed**. All other claims in this action are **dismissed**, and the Clerk is directed to terminate all Defendants other than Ms. Frederick as parties on the docket. Counsel has already appeared on behalf of Ms. Frederick and shall have **21 days** to file an answer or other responsive pleading to the Fourth Amended Complaint, consistent with the Federal Rules of Civil Procedure.

Date: April 20, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

VICTOR DORSEY, JR.
P.O. Box 1212
Indianapolis, IN 46206

**Electronic Distribution via CM/ECF:**

Gregory J. Ullrich
HEALTH AND HOSPITAL CORP. OF MARION CO.
gullrich@hhcorp.org

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov