UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICTOR DORSEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-01435-JMS-DML |
| | ) | |
| KRISTEN FREDERICK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* Plaintiff Victor Dorsey, Jr. has alleged claims against various Defendants in this litigation related to his property on Bellefontaine Street in Indianapolis. [Filing No. 1 at 3-4.] On April 20, 2017, the Court entered an Order dismissing Mr. Dorsey's claims against Defendants the City of Indianapolis (the "City"), Health and Hospital Corporation of Marion County, Marion County Public Health Department, the Indianapolis Metropolitan Police Department, and Mark Notthingham for failure to state a claim under 42 U.S.C. § 1983, but did not enter final judgment in favor of those Defendants. [Filing No. 48.] The City has filed a Motion for the Entry of a Final Judgment Pursuant to Rule 54(b), [Filing No. 53], and that motion is now ripe for the Court's consideration.

In support of its motion, the City argues that the Court has dismissed Mr. Dorsey's claims against it twice. [Filing No. 53 at 1.] It contends that Mr. Dorsey's claims against Defendant Kristen Frederick – the only remaining Defendant in this action – are unrelated to Mr. Dorsey's dismissed claims against the City, and "there is no reason that a partial final judgment pursuant to Rule 54(b) should not issue as to the City." [Filing No. 53 at 1.] The City argues that a partial final judgment is appropriate "so that the City does not have to monitor this lawsuit for months, if

not years, to come before knowing whether it might have to defend an appeal." [Filing No. 53 at 1.] Mr. Dorsey did not respond to the City's motion.

As a policy matter, Congress has determined that appeals should generally wait until litigation in the trial court has completely finished with respect to all parties and all claims. *See* 28 U.S.C. § 1291. Some narrow exceptions to that rule exist, including Fed. R. Civ. P. 54(b). It provides in part: "When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Id.* That provision forbids a district court from certifying any claim under "Rule 54(b)…when the subjects of the partial judgment…overlap with those remaining in the district court." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938-39 (7th Cir. 2005) (citation omitted). But because certification under Rule 54(b) is discretionary, not mandatory, merely establishing separateness of claims does not entitle a party who has lost on those claims to an immediate appeal. *Doe v. City of Chicago*, 360 F.3d 667, 673 (7th Cir. 2004) (citations omitted); *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) ("Even when claims are separate, an appeal ought not to follow as of course"). The Court must consider "judicial administrative interests as well as the equities involved, and giv[e] due weight to the historic federal policy against piecemeal appeals." *Reifer v. Cooper*, 507 U.S. 258, 265 (1993) (quotations omitted).

The Court finds that entry of final judgment in favor of the City pursuant to Rule 54(b) is appropriate at this point in the litigation. Mr. Dorsey's claims against Ms. Frederick are distinct from the claims he asserted against the City – the claims do not overlap. Additionally, the equities favor entering final judgment in favor of the City, and this course of action will not negatively

affect judicial administrative interests.  Because there is "no just reason for delay," Fed. R. Civ. P. 54(b), the City's Motion for the Entry of a Final Judgment Pursuant to Rule 54(b) is **GRANTED**, [Filing No. 53], and final judgment in favor of the City shall enter accordingly.


Date:  June 5, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana


**Distribution via US Mail:**

VICTOR DORSEY, JR.
P.O. Box 1212
Indianapolis, IN 46206

**Distribution via ECF to all counsel of record**